**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| Conservation Law Foundation, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Cooke Aquaculture USA, Inc.<br><br>Defendant. | Case No. 1:25-cv-00013-KFW |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION**
**FOR LEAVE TO FILE SUPPLEMENT TO AMENDED COMPLAINT**

Plaintiff, Conservation Law Foundation, Inc ("CLF"), has moved pursuant to Rule 15(d) to supplement its Amended Complaint alleging violations of the Clean Water Act, 33 U.S.C. § 1365(a). Defendant, Cooke Aquaculture USA, Inc. ("Cooke"), opposes Plaintiff's motion on the grounds that the proposed supplement fails to provide any information that could provide a cognizable claim under the Clean Water Act.

## I. PROCEDURAL BACKGROUND

Before the Court is CLF's Amended Complaint seeking declaratory and injunctive relief against Cooke for Cooke's alleged violations of the Clean Water Act, 33 U.S.C. § 1365(a), and permits issued by the Maine Department of Environmental Protection ("MDEP") to Cooke for each of its Net Pen Facilities operating in Maine's coastal waters. See Amended Complaint (Doc. 177), ¶¶ 328-366 (Counts I—VI). Cooke has moved to dismiss CLF's Amended Complaint. Those pleadings are complete and await this Court's decision.

## II. FACTS ALLEGED IN CONSERVATION LAW FOUNDATION'S MOTION TO SUPPLEMENT

As CLF admits, its Motion to Supplement is based on a discrete incident that allegedly occurred on April 1, 2026 in the waters near Finn Beach in Machiasport, Maine. Motion to Supplement (Doc. 39); Proposed Supplement to Amended Complaint (Doc. 39-1) ("Proposed Supplement"), ¶ 1. In particular, the Proposed Supplement alleges that on April 1, Cooke "spilled diesel fuel from its boat into intertidal area and coastal waters at Finn Beach in Machiasport, Maine." *Id.*,¶ 1; see also, *Id.*, Ex. A (affidavit of CLF Member George Ingrish). The exhibits attached to the Proposed Supplement show that Cooke promptly reported the incident and immediately undertook remedial action. *Id.*,¶ 9; see also, Exs. B-C. The following day, MDEP determined no additional remediation was necessary. *Id.*, at Exhibit B.

The nature of the incident described in the Proposed Supplement, a limited release of diesel fuel from a beached boat, is entirely different than anything previously alleged in the Amended Complaint. Yet, CLF's Motion alleges that the April 1 incident relates to the allegations set forth in Paragraphs 81, 107, 305-306, 319-320, and 350-351 of the Amended Complaint. *Id.* at ¶ 1.[1] The Proposed Supplement alleges further that the incident of April 1 harmed CLF Member Ingrish such that Cooke's "conduct relates to Paragraphs 305-320 of Amended Complaint. *Id.* at ¶ 8.[2]

---

[1] The cited paragraphs alleging violations are summarized as follows: ¶ 81, allegation regarding DEP General Permit (with Appendices); ¶ 107, allegation regarding sulfide sampling method SM 4500-S; ¶ 306, allegation regarding Harbor Scrag Feed and Fish report; ¶ 306, allegation regarding Cooke's alleged misrepresentation of fish mortalities; ¶ 319, allegation that Cooke has sprayed cages with "chemical-spraying spray"; ¶ 320, allegation that Cooke has "dicharg[ed] brown, foul-smelling water from delousing boats, triggering concern for…marine ecosystem; ¶ 350, alleging Cooke violation of Permit Section E by "discharging escaped fish at least three times in 2019-2020"; and ¶ 351, alleging Cooke has violated Clean Water Act by "discharging pollutants…without a permit."

[2] The cited paragraphs alleging harms are summarized as follows: ¶ 305 allegation regarding Harbor Scrag (see, also, Proposed Supplement at ¶ 1); ¶ 306, allegation regarding Cooke's alleged misrepresentation of fish mortalities (see also, Proposed Supplement at ¶ 1); ¶¶ 307, general allegation of Cooke discharges "affect[ing] CLF members' enjoyment of Maine's marine waters; ¶¶ 308-310, 313-314 alleging CLF Members' "concern[s]" about the ecosystem and wild and endangered fish stocks; ¶¶ 311-312, alleging impact on CLF Members lobstering activities; ¶¶ 315-318, alleging CLF Members have observed trash,

## III. ARGUMENT

### A. RULE 15(d)—Purpose and Standards

By its plain terms, Rule 15(d) applies to "any transaction, occurrence or event that happened after the date of the pleading to be supplemented." Rule 15(d), F.R.Civ.P. "'[S]upplementation of pleading is encouraged 'when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any parties to the action.'" *Cortes-Ramos v. Martin-Morales*, 956 F.3d 36, 44 (1st Cir. 2020), quoting, *United States ex rel. Gadbois v. PharMerica Corp*., 809 F.3d 1, 4 (1st Cir. 2015). Rule 15(d) "shares the core objective of the Civil Rules: 'to make pleadings a mean to achieve an orderly and fair administration of justice.'" *Gadbois*, 809 F.3d at 4, quoting, *Griffin v. Cty Sch. Bd*., 377U.S. 218, 227 (1964).

"[T]he question of whether a supplemental pleading should be permitted lies in the first instance with the district court." *Cortes-Morales*, 956 F.3d at 44. For the reasons set forth below, Cooke urges this Court to deny CLF's Rule 15(d) motion.

### B. CONSERVATION LAW FOUNDATION'S MOTION TO SUPPLEMENT IS FUTILE BECAUSE IT FAILS TO STATE A CLAIM UNDER THE CLEAN WATER ACT.

Although the event that is the subject of the Proposed Supplement occurred after the Amended Complaint was filed and therefore meets the Rule 15(d)'s technical requirements, this Court should deny the motion because, on its face, the Proposed Supplement is futile. *Vargas v. McNamara*, 608 F.2d 15, 18 (1st Cir. 1979) (A motion to amend should ordinarily not be denied '(i)n the absence of any apparent or declared reason such as undue delay, bad faith or dilatory

---

debris and other detritus that they attribute to Cooke; ¶ 319 alleging CLF Members observing Cooke spraying "foul-smelling chemical" (see also, Proposed Supplement at ¶ 1); ¶ 320 alleging CLF Members have observed Cooke's discharge of "brown, foul-smelling water from delousing boats." (see also, Proposed Supplement at ¶ 1).

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, Futility of amendment, etc.' quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Proposed Supplement is futile because it fails for the same reason CLF's Amended Complaint fails---it does not allege an event that satisfies the essential elements of a Clean Water Act claim.

As this Court is well aware, CLF's Amended Complaint is based on Cooke's alleged violations of the Clear Water Act. Amended Complaint, ¶¶ 6-7; 29- 44. It is black letter law that citizen suits under 33 U.S.C. § 1365(a) must be related to an ongoing violation of a permit issued under the Clean Water Act. *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 59 (1987). A citizen bringing suit under 33 U.S.C. § 1365(a) may only seek "to enjoin or otherwise abate an *ongoing violation*." *Gwaltney*, 484 U.S. at 59 (emphasis added). The incident described in the Proposed Supplement does not meet this standard.

The allegations in the Proposed Supplement and the supporting materials all describe a discrete incident that, at most, lasted a few hours on April 1. When the MDEP investigator inspected the affected area the following day, the released diesel fuel had been removed and the other effects had largely dissipated. Proposed Supplement, ¶ 9, Ex. B. For that reason, the MDEP determined no additional remediation was required and termed the summary of the incident a "Final Report." *Id.* The Proposed Complaint sets forth no allegations that the incident has since been repeated or that it otherwise involves an "*ongoing* violation." See, *Gwaltney*, 484 U.S. at 50 (emphasis added).

There is no need to discuss this point in detail. CLF's failure to meet the CWA's "ongoing violation" is manifest from the Proposed Supplement's allegations and Exhibits A-C. As pled in the Proposed Supplement, this discrete, time-limited incident, with its definite starting and ending

points, does not allege a cognizable claim under the CWA. It is, therefore, futile and should be denied. See, *Kleya v. Karl Storz Endovision, Inc*., 436 F.Supp. 3d 455, 456 (D. Mass. 2020) ("Futility constitutes an adequate basis to deny a proposed amendment", citing Savoy v. White, 139 F.R.D. 265, 267 (D. Mass. 1991)). For the foregoing reasons, Cooke respectfully asks this Court to exercise its discretion and to deny CLF's Motion.

## IV. SUMMARY

The Proposed Supplement fails to set forth allegations essential to maintaining any claims against Cooke under the CWA. Therefore, Cooke respectfully asks this Court to deny CLF's motion to supplement its complaint.

Dated: July 6, 2026

Cooke Aquaculture USA, Inc.

By its attorneys,

*/s/Timothy C. Woodcock*

Timothy C. Woodcock
Janna L. Gau
P. Andrew Hamilton
Jonathan A. Pottle
KATAHDIN LAW LLC
175 Exchange Street, Suite 260 (04401)
Post Office Box 895
Bangor, ME 04402-0895
(207) 385-2010
twoodcock@katahdin-law.com
jgau@katahdin-law.com
ahamilton@katahdin-law.com
jpottle@katahdin-law.com

Deborah E. Barnard *Pro Hac Vice*
Dianne R. Phillips *Pro Hac Vice*
HOLLAND & KNIGHT LLP
10 St. James Place, 11th Floor
Boston, MA 02116
(617) 523-2700
deborah.barnard@hklaw.com
dianne.phillips@hklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2026, I caused the foregoing document to be served upon all counsel of record via the Court's CM/ECF system.

*/s/ Timothy Woodcock*