**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| CONSERVATION LAW FOUNDATION INC, | ) |
| | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   No. 1:25-cv-00013-KFW |
| | ) |
| COOKE AQUACULTURE USA INC, | ) |
| | ) |
| | ) |
| Defendant | ) |

**ORDER ON MOTION FOR CONFIDENTIALITY ORDER**

Cooke Aquaculture USA Inc. (Cooke) seeks a heightened confidentiality order allowing it to designate certain documents as attorneys' eyes only during the discovery process.  Motion (ECF No. 33).  Conservation Law Foundation (CLF) responds that such an order is "[un]necessary, inhibits Plaintiff's ability to conduct its case, and would add needless hassle for the parties and this Court."  ECF No. 36 at 1.  CLF does not oppose a standard confidentiality order and argues that Cooke has not provided sufficient justification for a heightened order.  *Id.*  I agree.[1]

Cooke offers two reasons for seeking a heightened order.  First, discovery will involve commercially sensitive information and trade secrets.  Motion at 3.  The second reason is that its concern for the continued confidentiality of its proprietary documents was raised by a recent, highly publicized "attack" by CLF.  *Id.*  Although Cooke characterizes the CLF publication as a "defamatory opinion piece," it does not

---

[1] This Order does not affect the pending motion to seal the exhibits to the Motion to Dismiss.  *See* ECF No. 26.

1

provide the publication or explain its connection to information obtained through discovery in this case. *Id.* at 3 n.1.  This is insufficient to warrant a heightened order as "any designation of material as 'attorneys' eyes only' should be reserved for rare instances when truly justified, *i.e.*, when there is a real expectation and entitlement to confidentiality under the law that has been preserved and not waived and no other effective alternative." *Ragland v. Blue Cross Blue Shield of N.D.*, No. 1:12-cv-080, 2013 WL 3776495, at *2 (D.N.D. June 25, 2013). The "effective alternative" here is the standard confidentiality order, which prohibits disclosure of confidential information and limits its use to "*any purpose* other than to conduct this litigation." District of Maine Local Rule App. F-1 ¶ 7 (emphasis added).  The standard order protects Cooke's proprietary information while allowing CLF to involve necessary non-attorney personnel in the litigation.

Furthermore, this is not a dispute between two competitors that may justify a heightened attorneys' eyes only restriction to limit the risk that the plaintiff would use discovery as a mechanism to gain a commercial advantage.  *See, e.g., Aging Backwards, LLC v. Esmonde-White*, 2016 WL 11523402, at *4 (S.D. Fla. Sept. 26, 2016) ("As Defendants have stated, this case is a dispute between a beauty blog Plaintiff and exercise maven Defendants. The exercise maven Defendants fear—if all discovery is turned over to Plaintiff, including trade secrets—that Plaintiff will use Defendants' materials to break into the exercise industry.").  And the standard confidentiality order will prohibit CLF from using any information obtained in discovery for *any* purpose other than litigating this case.  *See* Local Rule App. F-1.

Accordingly, I **DENY** Cooke's motion for a heightened confidentiality order and will enter a standard confidentiality order.

Dated: August 6, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge