**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| CONSERVATION LAW FOUNDATION INC, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 1:25-cv-00013-KFW |
| COOKE AQUACULTURE USA INC, | ) ) ) | |
| Defendant | ) | |

**ORDER ON MOTION TO SEAL EXHIBITS**

Cooke Aquaculture USA Inc. (Cooke) moves to seal certain exhibits that it filed in support of its motion to dismiss, arguing that the exhibits are confidential business records containing proprietary information and trade secrets. ECF Nos. 26-27. Conservation Law Foundation Inc. (CLF) opposes the motion on the basis that, at the time it filed its response, it had not been allowed to view the documents and Cooke's limited justifications do not overcome the presumption in favor of public access to proceedings and records. ECF No. 29. Cooke has since produced the exhibits to CLF pursuant to an interim confidentiality agreement so that it may respond to the motion to dismiss. ECF No. 31 at 7. And in its reply, Cooke points to portions of the motion to dismiss as support for its motion to seal certain exhibits.[1] ECF No. 31 at 2 n.2.

---

[1] Local Rule 7 requires every motion to include a memorandum of law. When filing its motion to seal certain exhibits under Local Rule 5.2, Cooke included much of its argument in a separate memorandum supporting the motion to dismiss, which was later reproduced in its reply to CLF's response. While both parties briefed the issue thoroughly, they are reminded that each motion seeking court action must include the relevant law and analysis in the same document.

1

When a court considers a motion to seal, it must be mindful that the law recognizes a presumption "of public access to judicial proceedings and records." *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). As the First Circuit has acknowledged, however, "[t]hough the public's right to access is vibrant, it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Id.* at 59 (quoting *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)). In conducting this analysis, I am required to "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case." *Id.*

The documents that Cooke seeks to have sealed fall within the *Kravetz* definition of "Judicial Records," which includes documents that are "relevant to the determination of the litigants' substantive rights," and may "fairly be assumed to play a role in the court's deliberations." *Id.* (cleaned up). Once Cooke submitted these documents to support the Court's determination of a party's substantive rights—the motion to dismiss—it placed them in the judicial record, and the presumption of access attaches and must be overcome before I can grant a motion to seal. *Id.* at 58.

I conclude that Cooke has made a sufficient showing to overcome the presumption. The right of public access is not absolute and "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Regardless of the parties' intentions, business information that might harm a litigant's competitive standing may become

2

a vehicle for improper purposes. *See, e.g., id.* (citing *Schmedding v. May*, 85 Mich. 1, 5-6 (1891); *Flexmir, Inc. v. Herman*, 40 A.2d 799, 800 (N.J. Ch. 1945)).

Cooke has taken care to request sealing of a discrete set of documents related to the permitting and compliance process with the Maine Department of Environmental Protection (MDEP). ECF No. 26-1-26-15. A review of these documents shows that they contain information specific to the permitted locations at issue and discuss Cooke's strategy and technology for compliance with the MDEP permit requirements. *Id.* Cooke has made a sufficient showing that the documents are entitled to protection under state law and that there is a risk of harm to its competitive standing. Therefore, I **GRANT** the motion to seal certain exhibits. The exhibits will not be unsealed without notice to the parties and an opportunity to respond.

Dated: August 6, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge

3